UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HITACHI MEDICAL SYSTEMS AMERICA, INC. | ) ) ) | CASE NO.  5:09CV847 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | OPINION AND ORDER |
| LUBBOCK OPEN MRI, INC. et al. | ) ) ) ) | |
| DEFENDANTS. | ) | |

Plaintiff Hitachi Medical Systems America, Inc. (Hitachi) moves for judgment by default on its complaint against Defendant Trans-Pecos Open MRI, Ltd. (Trans-Pecos) (Doc. No. 43). For the reasons that follow, the motion is **DENIED** without prejudice**.**

**Background**

Plaintiff filed this action on April 14, 2009 against Trans-Pecos and other defendants alleging claims for breach of contract, unjust enrichment, and detrimental reliance. (Doc. No. 1.) The Clerk of Courts entered default against Trans-Pecos on October 14, 2009. Plaintiff now seeks a default judgment from the Court.

**Law and Analysis**

Federal Rules of Civil Procedure 55 governs both default entry and default judgment. Rule 55(a) applies to entries of default and provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise the

clerk shall enter the party's default." Rule 55(b)(1) permits entry of a default judgment by the clerk under certain circumstances, and Rule 55(b)(2) sets forth the circumstances under which the court may enter a default judgment. *See SGA Global, LLC v. Surface Coatings Co.*, 2007 WL 2897847 (E.D. Mich. Sept. 26, 2007).

Rule 55(b)(2) does not set forth a standard to be applied in determining when a party is entitled to a judgment by default. "When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civ. 3d § 2685 (1998) (footnotes omitted). "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right." *Id.* Further, "Rule 55(b)(2) empowers the district judge to hold hearings or 'order such references as it deems necessary and proper' to aid its exercise of this discretion." *Id.* at § 2684.

Hitachi has obtained entry of default from the clerk as to Trans-Pecos, thus complying with Rule 55(a). The evidence attached to Hitachi's motion demonstrates that Trans-Pecos failed to plead or otherwise defend after being properly served with the complaint and summons. With respect to damages, this is a contract action, and the amount of actual damages of $664,796.45 is readily ascertainable and properly supported by Hitachi's appended evidence. (*See* Doc. No. 43, Ex. D, Affidavit of Hugh Ilg at ¶ 5.) The only damages not yet quantified are the amount of interest and attorney's fees. Thus, were Trans-Pecos the only defendant named in Complaint, the entry of a default

judgment against Trans-Pecos would be appropriate at this time.[1]

However, "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If Hitachi loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Kimberly v. Coastline Coal Corp.*, 857 F.2d 1474, 1988 WL 93305, at *3 (6th Cir. 1988) (table) (citing *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F. Supp. 403, 416 (S.D.N.Y. 1974)). *See, e.g., Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327 (W.D. Mich. 2000).

Here, Hitachi has made no attempt to demonstrate that it would be substantially prejudiced by delaying the recovery efforts against Trans-Pecos. *Contrast Shanghai Automation Instrument Co. v. Kuei*, 194 F. Supp. 2d 995, 1004-05 (N.D. Cal. 2001). Under these circumstances, the Court declines to enter default judgment against Trans-Pecos at this time. It is appropriate at this juncture only to note the default of Defendant Trans-Pecos, thereby precluding this party, from this date forward, from arguing the merits of the claims made against it. *See Diarama Trading Co. Inc. v. J. Walter Thompson U.S.A., Inc.*, No. 01 Civ. 2950(DAB), 2002 WL 31545845, at *4 (S.D.N.Y. Nov. 13, 2002).

---

[1] As of the date of this Opinion and Order, only Defendant Lubbock Open MRI, Inc. has filed an answer. (Doc. No. 17.) On March 12, 2010, Hitachi filed an application for entry of default against Farmington Open MRI, Open MRI of New Mexico, LLC, and R&R Leasing, Inc. (Doc. No. 32.) Because there was no indication that service of the complaint had been perfected as to these defendants, and Hitachi demonstrated that it had previously made good faith efforts to serve these defendants, the Court granted Hitachi's motion for leave to reattempt service. It appears from the record that Hitachi is in the process of re-serving these defendants.

**Conclusion**

For the foregoing reasons, Hitachi's motion for default judgment against Defendant Trans-Pecos is **DENIED** without prejudice, pending disposition of this case against the appearing defendants. Defendant Trans-Pecos, its default having been noted**,** is **BARRED** from participating in the merits aspect of this case. The Court will, if appropriate, hold a hearing to establish damages pursuant to Fed. R. Civ. P. 55(b)(2) at a future date.

**IT IS SO ORDERED**.

Dated: April 22, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**