UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HITACHI MEDICAL SYSTEMS AMERICA, INC.** | ) ) ) | **CASE NO. 5:09CV847** |
| **Plaintiff,** | ) ) ) | **JUDGE SARA LIOI** |
| v. | ) ) | **MEMORANDUM OPINION** |
| **LUBBOCK OPEN MRI, INC., et al.** | ) ) ) | |
| **Defendants.** | ) | |

This case is before the Court for consideration of two motions filed by Plaintiff. Specifically, the Court shall address:

- Plaintiff's motion for an order deeming requests for admissions admitted against Defendant Lubbock Open MRI, Inc. (Doc. No. 57); and

- Plaintiff's motion for summary judgment against Defendant Lubbock Open MRI, Inc. (Doc. No. 62.)

Both motions are ripe for disposition. A third motion filed by Plaintiff, its request for default judgment against Defendants Farmington Open MRI, Open MRI of New Mexico, LLC, Trans-Pecos Open MRI, Ltd., and R&R MRI Leasing, Inc. (Doc. No. 66), shall be addressed in a separate Opinion and Order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Hitachi Medical Systems America, Inc. ("Plaintiff" or "Hitachi") brought this contract action against Defendant Lubbock Open MRI, Inc. ("Lubbock") and other

defendants.[1] With respect to Hitachi's motion for summary judgment against Lubbock, Hitachi alleges that Lubbock entered into a Service Maintenance Agreement ("SMA") with Hitachi pertaining to MRI service and maintenance. (Doc. No. 1, Compl. at ¶ 12.) Hitachi agreed to service Lubbock's MRI machines for a period extending from July 1, 2007 to June 30, 2012 at an annual rate per machine ranging from $33,850 to $50,000, depending upon the model.[2] (Doc. No. 4, 4-8.) The SMA included an acceleration clause, which stated that, in the event of Lubbock's default, the entire unpaid balance of the SMA is due immediately. (*Id.* at 6; Compl. at ¶ 21.) Additionally, the SMA provided that Lubbock will pay all of Hitachi's costs associated with collecting any overdue payments, including attorney's fees. (Doc. Nos. 4, 8; Compl. at ¶ 24.)

On April 14, 2009, Hitachi filed a Complaint alleging breach of contract and unjust enrichment against Lubbock. (Compl. at ¶¶ 33, 55.) The next day (April 15, 2009), Hitachi supplemented its Complaint by filing a copy of the SMA. (Doc. No. 4.) Hitachi seeks $835,403.35 plus interest from all Defendants. (Compl., Ex. B). Lubbock filed an answer on May 26, 2009.[3] (Doc. No. 17.)

On May 28, 2010, Hitachi sent discovery requests to Lubbock, which included requests for admissions that were due on June 30, 2010. Lubbock did not respond to the requested admissions or seek an extension to respond. On July 6, 2010, Hitachi filed a motion to

---

[1] In addition to Lubbock, Plaintiff brought suit against Farmington Open MRI, Open Air MRI of Lubbock, Ltd., Open MRI of New Mexico, LLC, RKCO, Inc., R&R MRI Leasing, Inc., Trans-Pecos Open MRI, Ltd., and Open Air MRI of Texas, Inc. Defendants Open Air MRI of Lubbock, Ltd., and Open Air MRI of Texas, Inc. were voluntarily dismissed from this action on April 29, 2009 (Doc. No. 11), and Defendant RKCO, Inc. was terminated from this litigation on September 16, 2010. (Doc. No. 65.) On October 14, 2009, the Clerk entered default judgment against Defendant Trans-Pecos Open MRI, Ltd. (Doc. No. 23.) On July 7, 2010, the Clerk entered default judgment against Defendants Farmington Open MRI, Open MRI of New Mexico, LLC, and R&R MRI Leasing, Inc. (Doc. No. 60.)

[2] It is unclear how many machines were leased to Lubbock and were subject to the SMA. The Complaint only identifies Unit No. A133 as the subject of the parties' agreement. (Compl. at ¶ 28, 34-36.) The SMA, which Hitachi has filed as a supplement to its Complaint, lists three additional model numbers, though the numbers, themselves, are illegible. (*See* Doc. No. 4.)

[3] On October 23, 2009, the Court granted the motion of counsel for Lubbock to withdraw. The Court subsequently instructed Lubbock to retain substitute counsel, but Lubbock failed to do so. (Doc. No. 47.)

deem requests for admissions admitted. (Doc. No. 57.) At the July 7, 2010 Case Management Conference, the Court granted Lubbock leave until July 21, 2010 to respond to Hitachi's motion. Lubbock has not done so. On July 22, 2010, Hitachi filed a motion for summary judgment. (Doc. No. 62.) Lubbock did not respond to Hitachi's dispositive motion.

## II. STANDARD OF REVIEW

The Court will grant a motion for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). However, the movant is not required to file affidavits negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In reviewing summary judgment motions, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970); *White v. Turfway Park Racing Ass'n*, 909 F.2d 941, 943-44 (6th Cir. 1990). In most civil cases, the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Summary judgment is appropriate whenever the non-moving party fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322. Moreover, "the trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989) (*citing Frito-Lay,*

*Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988)). The non-moving party is under an affirmative duty to point out specific facts in the record which create a genuine issue of material fact. *Fulson v. Columbus*, 801 F. Supp. 1, 4 (S.D. Ohio 1992).

Under *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 406-7 (6th Cir. 1992), the Court is not required to conduct its own probing investigation of the record to discover an issue of material fact when a summary judgment motion is unopposed. Nevertheless, the Court must still "carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party." *Id.* at 407.

## III. LAW AND ANALYSIS

### A. Default Admission

Rule 36 allows parties, as part of discovery, to request admission of issues that are dispositive of the case. Fed. R. Civ. P. 36; *Bilaal v. Defiance Publ'g Co.*, 2005 U.S. Dist. LEXIS 25306, at *5 (N.D. Ohio Oct. 27, 2005) (*citing Campbell v. Spectrum Automation Co.*, 601 F.2d 246, 253 (6th Cir. 1979)). Rule 36(a)(3) establishes that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). If the party fails to respond to the request for admission within the 30 day time period, the court may deem the facts in the request to be admitted by the party. *Buckeye Cablevision, Inc. v. Vasquez*, 2005 U.S. Dist. LEXIS 18695, at *7 (N.D. Ohio Aug. 31, 2005). Additionally, Rule 36 states that a deemed admission conclusively establishes the issue. Fed. R. Civ. P. 36(b). Issues and facts deemed admitted by the court based upon a party's failure to respond to a request for admission may support a motion for summary judgment. *See Liberty*

*Steel Prods. v. Acore Door Co.*, 2006 U.S. Dist. LEXIS 32490, at *7 (N.D. Ohio May 22, 2006) (*citing Lovejoy v. Owens*, 1996 U.S. App. LEXIS 16870 (6th Cir. May 28, 1996)).

Lubbock did not respond to Hitachi's requests for admissions within 30 days. Therefore, the matters contained in Hitachi's requests for admissions are deemed admitted by Lubbock. Hitachi's motion to deem requests for admissions admitted (Doc. No. 57) is **GRANTED**. Additionally, since a matter admitted under Rule 36 is conclusively established, Hitachi may use such admissions as the basis for its motion for summary judgment.

**B. Breach of Contract**

To prove a breach of contract under Ohio law, four elements must be established: (a) the existence of a contract, (b) performance by the plaintiff, (c) breach by the defendant, and (d) damage or loss to the plaintiff. *See Thomas v. Publrs. Clearing House, Inc.*, 29 Fed. App'x 319, 322 (6th Cir. 2002) (*citing Doner v. Snapp,* 98 Ohio App. 3d 597 (Ohio Ct. App. 2nd Dist. 1994)).

Based upon Lubbock's default admissions during discovery, Lubbock has admitted to the issues of material fact that may have been in dispute in this litigation, including all the elements of a breach of contract claim. Lubbock has admitted that it had a valid agreement with Hitachi. (Doc. No. 62-2, Req. 1; Doc. No. 4.) Therefore, a contract exists between Hitachi and Lubbock. Lubbock also admits that Hitachi fully complied with the terms of the contract and never breached or materially breached the terms of the contract. (Doc. No. 62-2, Reqs. 22, 23, 25.) Therefore, Hitachi performed on the contract. Next, Lubbock admits that it breached the contract with Hitachi. (*Id.*, Req. 3.) Finally, Hitachi claims that Lubbock and the other Defendants owe Hitachi $835,403.35 and Lubbock admits that it failed to make contractually required payments. (*Id.*, Req. 28; Compl., Ex. B.) Therefore, Hitachi experienced a loss. Based

5

upon Hitachi's complaint and Lubbock's admissions, Hitachi has shown that Lubbock breached its contract with Hitachi.

Since Lubbock failed to respond to the requests for admissions, it has admitted all issue that may have presented genuine issues of material fact in this case. Additionally, Lubbock did not respond to the motion for summary judgment and, therefore, it has failed to dispute its failure to respond to the requests for admissions or any other matters presented by Hitachi. Accordingly, Lubbock fails to show any genuine issues of material fact, and Hitachi is entitled to judgment as a matter of law on the claims.

**C. Unjust Enrichment**

"[U]nder Ohio law, the existence of a contract action generally excludes the opportunity to present the same case as a tort claim." *Wolfe v. Cont'l Cas. Co.*, 647 F.2d 705, 710 (6th Cir. 1981). The rationale is clear: "[i]f a party could simply, by alleging that a contracting party never intended to fulfill his promise, create a tortuous action in fraud, there would be no effective way of preventing almost every contract case from being converted to a tort for jurisdictional purposes." *Hertz Commercial Leasing Corp. v. LMC Data, Inc.*, 73 Misc. 2d 1009, 1013, 343 N.Y.S.2d 689, 694 (N.Y. Civ. Ct. 1973) (holding that a cause of action sounded in contract despite additional allegations of fraud and misrepresentation). Therefore, "[i]t is not a tort to breach a contract, no matter how willful or malicious the breach." *Salvation Army v. Blue Cross & Blue Shield*, 92 Ohio App. 3d 571, 578 (Ohio Ct. App. 8th Dist. 1993); *Schwartz v. Bank One, Portsmouth, N.A.*, 84 Ohio App. 3d 806, 810 (Ohio Ct. App. 4th Dist. 1992); *Tibbs v. National Homes Constr. Corp.*, 52 Ohio App. 2d 281, 290 (Ohio Ct. App. 1st Dist. 1977). Further, "Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment when an express contract covers the same subject." *Ebenisterie Beaubois Ltee v.*

*Marous Brothers Constr., Inc.*, 2002 WL 32818011, at *6 (N.D. Ohio Oct. 17, 2002) (citing *Ulmann v. May*, 147 Ohio St. 468, ¶ 4 of syllabus (1947)).

Hitachi's unjust enrichment claim is completely dependent upon the allegations that Lubbock beached the parties' agreement. Because there is an express contract between the parties, and Hitachi has not alleged that Lubbock violated a duty owed separately from that created by the contract, the unjust enrichment claim cannot stand. The Court, therefore, **DISMISSES** sua sponte the unjust enrichment claim.

## IV. DAMAGES

The Court cannot, however, enter final judgment against Lubbock on Plaintiff's breach of contract claim because it cannot, based upon the record to date, fully determine damages. First, there appears to be some inconsistency in the pleadings and supporting documents relating to the number of MRI machines that were leased or owned by Lubbock and were receiving service under the relevant SMA.[4] Without knowing the units for which Lubbock was receiving service, the Court cannot determine the amount owed by Lubbock for service. Additionally, the SMA provides that Hitachi is entitled to reasonable attorney's fees and costs associated with collecting its fees under the contract. (Doc. No. 4.) These amounts have yet to be determined.

The Court shall, therefore, direct Hitachi to file by November 22, 2010, a request for a sum certain amount due from Lubbock under the relevant SMA, setting forth in detail how that sum was reached. Hitachi shall also provide the Court by November 22, 2010, with a fee

---

[4] In addition to the inconsistency previously noted by the Court, there also appears to be a conflict between the Complaint and Plaintiff's requests for admissions. The Complaint identifies Unit A133 as belonging to Defendant Lubbock (Compl. at ¶ 28), and alleges that other defendants owned Units C493, H720, and H743. (*Id.* at ¶ 39.) In Plaintiff's requests for admissions directed to Lubbock, however, it asked Lubbock to admit that it breached the contract with respect to Unit C493 (*see* Doc. No. 57, Req. 13), Unit H720 (*see id.*, Req. 17), and Unit H743 (*see id.*, Req. 21).

petition along with supporting documentation substantiating the attorney's fees and costs incurred in prosecuting this action against Lubbock. The Court expects this documentation to include an attorney affidavit, billing statements, and other evidence that will demonstrate both the reasonableness of the hours expended on this litigation and the hourly rates charged.

Plaintiff also seeks interest. Ohio Revised Code § 1343.03(A) requires the award of prejudgment interest to a successful party on a breach of contract claim as compensation to a creditor for the period of time between the accrual of the claim and judgment. *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 117 (1995). "Once a plaintiff receives judgment on a contract claim, the trial court has no discretion but to award prejudgment interest under R.C. 1343.03(A)." *Knott v. Revolution Software, Inc*., 181 Ohio App. 3d 519, 530 (Ohio Ct. App. 5th Dist. 2009) (internal citations omitted). "The only issue for resolution by a trial court with respect to prejudgment interest under R.C. 1343.03(A), is how much interest is due. Thus, the trial court's discretion with respect to an award of prejudgment interest on a contract claim extends only to the factual determinations of when interest commences to run and what interest rate applied." *Id*. (internal citations omitted.)

As the successful party on a breach of contract claim, Plaintiff is also entitled to postjudgment interest under § 1343.03(A). *See State ex rel. Shimola v. City of Cleveland,* 70 Ohio St. 3d 110, 112 (1994) ("R.C. 134.03(A) automatically bestows a right to postjudgment interest as a matter of law.") Plaintiff shall, therefore, submit documentation and authority demonstrating when the interest commences to run and the interest rate that is to be applied by November 22, 2010. The Court will conduct a hearing on damages, if necessary, on December 1, 2010 at 2:00 p.m.

## V. CONCLUSION

For the above reasons, the Court hereby **GRANTS** Hitachi's motion for summary judgment against Lubbock. Additionally, Hitachi's motion to deem requests for admissions admitted against Lubbock is **GRANTED**. The Court will conduct a hearing on damages on December 1, 2010 at 2:00 p.m. Prior to the date of the hearing, but by no later than 2:00 pm on November 22, 2010, Plaintiff shall submit to this Court proof of its damages, fees, costs, and interest, along with a proposed order. If Plaintiff's counsel is of the view that a hearing is not necessary because the materials submitted are sufficient to determine and award an amount certain, the Court will entertain a motion to cancel the hearing and to enter a final award of damages in favor of Plaintiff.

**IT IS SO ORDERED**.

Dated: November 5, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**