UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **HITACHI MEDICAL SYSTEMS AMERICA, INC.** ) | ) | **CASE NO. 5:09CV847** |
| ) | ) | **JUDGE SARA LIOI** |
| **Plaintiff,** ) | ) | |
| ) | ) | |
| v. ) | ) | **OPINION AND ORDER** |
| ) | ) | |
| **LUBBOCK OPEN MRI, INC., et al.** ) | ) | |
| **Defendants.** ) | ) | |

Plaintiff Hitachi Medical Systems America, Inc. ("Plaintiff" or "Hitachi") has moved for judgment by default on its Complaint against Defendants Farmington Open MRI ("Farmington"), Open MRI of New Mexico, LLC ("New Mexico"), R&R MRI Leasing, Inc. ("R&R"), and Trans-Pecos Open MRI, Ltd. ("Trans-Pecos") (collectively "the Defaulting Defendants"). (Doc. No. 66.) None of the Defaulting Defendants have responded to the motion.

Rule 55(a) provides:

**Entering a Default**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

In support of its motion, Plaintiff states that service of the Summons and Complaint was properly served upon Trans-Pecos by certified mail on April 17, 2009. (*See* Doc. No. 66, Ex. A, Return of Service.) Trans-Pecos failed to answer or otherwise respond to the Complaint. The docket also reflects that, after several failed attempts to serve Farmington, New Mexico, and R&R via certified mail, these defendants were each successfully served by ordinary mail on May 27, 2010, and there is no entry on the docket that would suggest that this service failed. Pursuant to Rule 55(a), the Clerk of Courts of this District properly entered default against

Trans-Pecos on October 14, 2009. (Doc. No. 23.) On July 7, 2010, the Clerk properly entered default against Farmington, New Mexico, and R&R. (Doc. No. 60.)

Rule 55(b)(2) governs the Court's consideration of a motion for default,[1] and provides:

> **By the Court**. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

The Defaulting Defendants failed to defend against the Complaint within 21 days of being served. As corporations, the Defaulting Defendants are clearly not infants or incompetent persons. Plaintiff, therefore, is entitled to a default judgment and its motion for such relief is hereby **GRANTED**.

Plaintiff's Complaint charges the Defaulting Defendants with breach of contract and unjust enrichment, for failing to make scheduled payments to Plaintiff under the parties' Service Maintenance Agreement ("SMA") for the maintenance of certain MRI units. (Doc. No. 1, Compl. at ¶¶ 39, 41-48, 50-57.) Plaintiff also claims that it relied to its detriment upon the Defaulting Defendants' failure to continue to purchase services from Plaintiff. (*Id*. at ¶ 61.) Plaintiff has filed a true and accurate copy of the SMA with Farmington. (Doc. No. 4.) It is

---

[1] Plaintiff had previously filed a motion for default against Trans-Pecos. (Doc. No. 43.) The Court denied this motion without prejudice "pending disposition of the case against the appearing defendants." (Doc. No. 48 at 4.) In a Memorandum Opinion filed contemporaneously with this Opinion and Order, the Court granted summary judgment in Plaintiff's favor against Lubbock Open MRI, Inc., the remaining answering defendant.

unclear from the record, however, whether New Mexico, Trans-Pecos, and R&R were also parties to that agreement, or had entered into separate SMAs with Plaintiff. No other contracts have been made a part of the record.

In its motion, Plaintiff seeks a sum certain of $664,796.45 under the terms of the SMA, for which it claims, without support, that the Defaulting Defendants are jointly and severally liable. Plaintiff also seeks an unspecified amount for attorney's fees, costs, and interest. Because these later amounts have yet to be determined, and Plaintiff has yet to substantiate its right to hold the Defaulting Defendants jointly and severally liable under the SMA, the Court cannot enter final judgment against the Defaulting Defendants at this time.

The Court shall, therefore, direct Plaintiff to file by November 22, 2010, a request for a sum certain amount due from each Defaulting Defendant, setting forth in detail how that sum was reached. In addition, if Defendants Trans-Pecos, New Mexico, and R&R are parties to SMAs that have not previously been filed with the Court, Plaintiff is directed to file such agreements. If Plaintiff believes that the Defaulting Defendants are jointly and severally liable for damages under the SMA with Farmington, *see* Doc. No. 4, Plaintiff should explain the basis for such liability, and provide any supporting documentation. Hitachi shall also file with the Court by November 22, 2010 a fee petition, along with supporting documents substantiating the attorney's fees and costs incurred in prosecuting this action against the Defaulting Defendants. The Court expects this documentation to include an attorney affidavit, billing statements, and other evidence that will demonstrate both the reasonableness of the hours expended on this litigation and the hourly rates charged.

Plaintiff also seeks interest. Ohio Revised Code § 1343.03(A) requires the award of prejudgment interest to a successful party on a breach of contract claim as compensation to a

creditor for the period of time between the accrual of the claim and judgment. *Royal Elec. Constr. Corp. v. Ohio State Univ.*, 73 Ohio St. 3d 110, 117 (1995). "Once a plaintiff receives judgment on a contract claim, the trial court has no discretion but to award prejudgment interest under R.C. 1343.03(A)." *Knott v. Revolution Software, Inc.*, 181 Ohio App. 3d 519, 530 (Ohio Ct. App. 5th Dist. 2009) (internal citations omitted). "The only issue for resolution by a trial court with respect to prejudgment interest under R.C. 1343.03(A) is how much interest is due. Thus, the trial court's discretion with respect to an award of prejudgment interest on a contract claim extends only to the factual determinations of when interest commences to run and what interest rate applied." *Id*. (internal citation omitted.)

As the successful party on a breach of contract claim, Plaintiff is also entitled to postjudgment interest under § 1343.03(A). *See State ex rel. Shimola v. City of Cleveland,* 70 Ohio St. 3d 110, 112 (1994) ("R.C. 134.03(A) automatically bestows a right to postjudgment interest as a matter of law.") Plaintiff shall, therefore, submit documentation and authority demonstrating when the interest commences to run and the interest rate that is to be applied by November 22, 2010. The Court will conduct a hearing on damages on December 1, 2010 at 2:00 p.m.

Based on the foregoing, it is **ORDERED**, **ADJUDGED** and **DECREED** that judgment shall be entered against Defendants Farmington Open MRI, Open MRI of New Mexico, LLC, R&R Leasing Inc., and Trans-Pecos Open MRI, Ltd. It is further **ORDERED** that the Court will conduct a hearing as to the amount of damages on December 1, 2010 at 2:00 p.m. Prior to the date of the hearing, but by no later than 2:00 pm on November 22, 2010, Plaintiff shall submit to this Court proof of its damages, fees, costs, and interest, along with a proposed order. If Plaintiff's counsel is of the view that a hearing is not necessary because the materials

submitted are sufficient to determine and award an amount certain, the Court will entertain a motion to cancel the hearing and to enter a final award of damages in favor of Plaintiff.

**IT IS SO ORDERED**.

Dated: November 5, 2010

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**